CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos R. Holguín (Cal. Bar No. 90754)
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693 (Schey Ext. 304, Holguín ext. 309)
Facsimile: (213) 386-9484
pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Additional counsel listed next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARTIN R. ARANAS, *et al.*, <br><br> Plaintiffs, <br><br> -vs- <br><br> JANET NAPOLITANO, Secretary of the Department of Homeland Security; *et al.*, <br><br> Defendants. | SACV12-01137 CBM (AJWx) <br><br> REPLY TO INTERVENOR'S RULE 83-9.2 SUBMISSION. <br><br><br> Hearing: None <br> Time: n/a <br> Hon. Consuelo B. Marshall |

/ / /

*Additional counsel for plaintiff Aranas:*

PUBLIC LAW CENTER
Julie Greenwald (Cal. Bar No. 233714)
Monica Ashiku (Cal. Bar No. 263112)
601 Civic Center Drive West
Santa Ana, CA 92701
Telephone: (714) 541-1010 (Greenwald Ext. 263, Ashiku Ext. 249)
Facsimile: (714) 541-5157
jgreenwald@publiclawcenter.org
mashiku@publiclawcenter.org

ASIAN LAW ALLIANCE
Beatrice Ann M. Pangilinan (Cal. Bar No. 271064)
184 Jackson Street, San Jose, CA 95112
Telephone: (408) 287-9710
Facsimile: (408) 287-0864
Email:  bpangilinan@asianlawalliance.org

*Additional counsel for plaintiffs Rodriguez and DeLeon:*

LAW OFFICES OF MANULKIN & BENNETT
Gary H. Manulkin (Cal. Bar No. 41469)
Reyna M. Tanner (Cal. Bar No. 197931)
10175 Slater Avenue, Suite 111
Fountain Valley, CA 92708
Telephone: 714-963-8951
Facsimile: 714-968-4948
gmanulkin@mgblaw.com
reynatanner@yahoo.com

/ / /

Reply to Intervenor's Rule 83-9.2 Submission

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

- 2 -

This action challenges the denial of benefits under the Immigration and Nationality Act, 8 U.S.C. §§ 1101, *et seq.*, to members of lawful marriages solely because the spouses are of the same sex. Defendant U.S. Citizenship & Immigration Services (CIS) refuses to recognize same-sex marriages as valid predicates for the granting of immigration benefits pursuant to § 3(a) of the Defense of Marriage Act, Pub. L. 104-199, § 3(a), 110 Stat. 2419, *codified at* 1 U.S.C. § 7 ("DOMA"), a statue defendants concede is unconstitutional.

Defendants nevertheless refuse to extend to plaintiffs and those similarly situated even *temporary* protection from illegal status, forced unemployment or illegal employment, or detention or removal pending a final determination that DOMA is unconstitutional. Plaintiffs accordingly moved the Court to enter a preliminary injunction protecting plaintiffs and those similarly situated from irreparable injury *pendente lite*. Dkt. No. 12. That motion, along with plaintiffs' related and concurrently filed motion for class certification, Dkt. No. 13, were fully argued and then taken under submission on November 20, 2012.

C.D. Cal. Loc. R. 83-9.2 (2012) provides:

If the Court does not render and file its decision on a submitted matter within 120 days of submission, all counsel shall, within 130 days after the matter is submitted for decision, file with the Court a joint request that such decision be made without further delay. A copy of such request shall be sent to the Chief Judge.

Reply to Intervenor's Rule 83-9.2 Submission

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

- 1 -

On March 20, 2013, 120 days expired since the submission of these motions,[1] and counsel were accordingly required to file a request for decision within 10 days thereafter.

In accordance with Rule 83-9.2, on April 1, 2013, plaintiffs filed a request, without argument, for decision. Although defendants joined in that filing, they therein reiterated their position—also without argument—that the instant proceedings should be stayed pending the Supreme Court's disposition of *United States v. Windsor*, No. 12-307 (S. Ct. Sept. 11, 2012), 2012 WL 3991414. Dkt. No. 122.

Intervenor Bi-partisan Legal Advisory Group (BLAG), however, declined to join the parties' filing and instead, on April 2, 2013, filed a separate statement in which it not only reiterated its opposition to the Court's ruling on the November motions, but offered new argument in favor of a stay: to wit, that "virtually" every lower court considering a challenge to DOMA § 3 has suspending active consideration of those challenges pending the outcome of *Windsor*. Dkt. No. 123 at 2-3. Plaintiffs are accordingly constrained to make the following points in rebuttal:

First, plaintiffs have repeatedly stated they have no opposition to postponing entry of judgment or otherwise deferring disposition of DOMA § 3's constitutionality *provided* plaintiffs and those similarly situated are protected from irreparable injury in the interim. *See* Opposition to Motion to Stay, Dkt. No. 115, at

---

[1] The 120-day period stipulated in Rule 83-9.2 also then expired for decision on

Reply to Intervenor's Rule 83-9.2 Submission

- 2 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

10; Supplemental Authority in Opposition to Motion to Stay, Dkt. No. 118, at 3.

*In none of the cases BLAG cites did the courts leave plaintiffs or those similarly situated to endure irreparable injury during the pendency of the stay.* Indeed, in five of the cases BLAG cites,[2] a stay merely postponed plaintiffs' access to benefits having a monetary value, an injury amenable to subsequent remediation that pales in comparison with the irreparable injury hundreds or thousands of individuals would experience from the withholding of injunctive relief *pendente lite* here.[3]

---

defendants' and intervenor's motions to dismiss, Dkt. No.s 36 and 46.

[2] Second Amended Complaint, *Golinski v. United States*, No. 3:10−cv−00257−JSW (N.D. Cal.) (individual action for spousal health insurance benefits), Exhibit 24.

Second Amended Complaint, *Dragovich v. United States Department of the Treasury*, CV 4:10-01564-CW (N.D. Cal.) (class action seeking opportunity to buy coverage through state's long-term care insurance program), Exhibit 25.

*Cozen O'Connor, P.C. v. Tobits*, No. 2:11-cv-00045 (E.D. Pa.) (non-class action involving benefits under profit-sharing plan), Exhibit 29.

*McLaughlin v. Panetta*, No. 1:11-cv-11905 (D. Mass.) (non-class action seeking military spousal benefits), Exhibit 30.

BVA Decision, *Cardona v. Shinseki*, No. 11-3083 (Vet. App. Dec. 18, 2012) (non-class action involving veteran's dependency benefits), Exhibit 31.

[3] In one of the remaining two cases BLAG cites, *Blesch v. Holder*, No. 1:12-cv-01578 (E.D.N.Y.), plaintiffs did not seek a preliminary injunction and consented to the entry of a stay. Exhibit 28.

BLAG's final citation, *Massachusetts v. U.S. Dep't of Health & Human Servs.*, No. 1:09−cv−11156−JLT (D. Mass.), is an action by a state under the 10th Amendment and Spending Clause and does not directly seek protection for same-sex couples aggrieved by DOMA § 3. Exhibit 26.

Reply to Intervenor's Rule 83-9.2 Submission

- 3 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

As this Court indicated at the November 20, 2012, hearing of plaintiffs' motion for a preliminary injunction, "[t]entatively, … the showing for irreparable harm has been made…" Reporter's Transcript of Proceedings, November 20, 2012, Plaintiffs' Exhibit 23, at 7. This conclusion, however tentative, was unquestionably correct.

Todd Fernandez, a leading advocate for same-sex couples, declares:

Immigrants in same-sex marriages who would qualify for lawful status but for DOMA § 3 are being stripped of authorization to work in the United States. CIS routinely advises such persons that unless they leave the country they will accumulate time in undocumented status precluding their entering the United States for up to ten years. This policy and practice place enormous pressure on immigrants in same-sex marriages to self-deport, with or without their spouses.

The Administration's continued adherence to DOMA § 3 requires these immigrants either to stop working entirely, depriving them of any way to support themselves, or else to work unlawfully as undocumented aliens, often in substandard conditions and/or for substandard wages.

Immigrants in same-sex marriages have no ability to travel abroad, even for family emergencies. For immigrants with elderly parents or ailing relatives abroad, the inability to travel inflicts a grave emotional injury. Even domestic travel is difficult because of airport and highway immigration checkpoints.

The Administration's enforcing DOMA § 3 to deny immigrants in same-sex

Reply to Intervenor's Rule 83-9.2 Submission

- 4 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

marriages lawful status exposes them to a constant threat of arrest and detention, both by federal immigration authorities, and by local police in several states that regularly arrest undocumented immigrants.

It is clear that the Administration's enforcing DOMA § 3 continues to cause same-sex couples and their children extreme psychological hardship, including anxiety, fear of family separation, fear of deportation, sleeplessness, and despair. Members of these families, like all families, are emotionally and economically interdependent. Uncertainty in one spouse's immigration status, personal liberty, work, and ability to travel afflicts the entire family. Consigning immigrant members to the undocumented underground adds to the many hardships same-sex couples routinely face on account of their sexual orientation.

Declaration of Todd Fernandez, March 31, 2013, Exhibit 32.

Elissa Barrett, the Vice-President and General Counsel at Bet Tzedek Legal Services ("Bet Tzedek"), a non-profit corporation based in Los Angeles, California, also makes clear that:

Bet Tzedek's LGBTQ A2J … serve[s] many individuals in this community. Based on my current knowledge and experience, I … believe that … many challenges LGBTQ individuals face are … exacerbated when they lack lawful immigration status. Many LGBTQ people are low-income and struggle with poverty. When denied lawful immigration status, the plight of LGBTQ people can become wholly untenable.

Reply to Intervenor's Rule 83-9.2 Submission

- 5 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

> The Administration's policy and practice regarding enforcement of § 3 of the Defense of Marriage Act, 1 U.S.C. § 7 (DOMA), continues to place a devastating and unjust burden on bi-national same-sex couples. As far as I know, since my earlier declaration there has been no improvement at all in the discriminatory treatment of same-sex couples seeking immigration benefits. Pursuant to DOMA § 3, U.S. Citizenship and Immigration Services (CIS), continues to deny immigration petitions predicated on wholly lawful same-sex marriages, strips immigrant members of such marriages of work authorization, reduces them to undocumented immigrants, and leaves them in fear of a "knock on the door" resulting in arrest and detention. CIS also continues to advise immigrant members of same-sex marriages that they should leave the country so as to avoid accruing time here in undocumented status that will bar them from entering the United States for up to a decade… I accordingly urge the Court to enter preliminary relief sparing same-sex couples from further irreparable injury.

Supplemental Declaration of Elissa Barrett, March 31, 2013, Exhibit 33, ¶¶ 3-5.

Given the obvious and ongoing irreparable harm plaintiffs and their proposed class members would suffer from delaying disposition of their motions for preliminary injunction and class certification, postponing interim relief on the off chance the Court *might* decide DOMA § 3's consonance with equal protection

Reply to Intervenor's Rule 83-9.2 Submission

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

- 6 -

would be improvident.[4]

In sum, the Supreme Court's considering in *Windsor* does nothing to ameliorate the irreparable injury plaintiffs and their proposed class members are experiencing, and plaintiffs would remain entitled to a preliminary injunction whatever the outcome in *Windsor*. With deference, this Court should accordingly decide plaintiffs' pending motions for preliminary injunction, Dkt. No. 12, and class certification, Dkt. No. 13, on their merits.

Dated: April 12, 2013.

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey
Carlos R. Holguín

/s/ Carlos R. Holguín
/s/ Peter Schey
*Attorneys for Plaintiffs*

---

[4] It is far from certain the Court will even decide DOMA § 3's consonance with equal protection in *Windsor*. As plaintiffs have argued, the Court *sua sponte* appointed *amica curiae* in *Windsor* to brief and argue "in support of the positions that the Executive Branch's agreement with the court below that DOMA is unconstitutional deprives this Court of jurisdiction to decide this case, and that the Bipartisan Legal Advisory Group of the United States House of Representatives lacks Article III standing in this case." *United States v. Windsor*, 81 U.S.L.W. 3324 (December 7, 2012)). Jurisdictional obstacles could thus preclude the Court's deciding in *Windsor* even whether DOMA § 3 offends equal protection.

Further, the *only* constitutional claim in *Windsor* is whether DOMA § 3 denies *equal protection*. *See* Petition for Writ of Certiorari, *United States v. Windsor*, No. 12-307 (S. Ct. Sept. 11, 2012), 2012 WL 3991414, at I (asking Court to decide "[w]hether Section 3 of DOMA violates the Fifth Amendment's guarantee of equal protection of the laws ...."). Hence, Plaintiffs' due process claim would remain compelling *no matter how the Supreme Court decides Windsor*. *See Witt v. Dep't of Air Force*, 527 F.3d 806 (9th Cir. 2008).

Reply to Intervenor's Rule 83-9.2 Submission

- 7 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

CERTIFICATE OF SERVICE

SACV12-01137 CBM (AJWx)

I hereby certify that on this 13th day of April 2013, I electronically filed the foregoing REPLY TO INTERVENOR'S RULE 83-9.2 SUBMISSION with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record through the Court's CM/ECF system.

Dated:  April 13 2013.                          /s/ _Peter Schey_____

/ / /

Reply to Intervenor's Rule 83-9.2 Submission

- 8 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693