# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-1137 CBM (AJWx) | | Date | April 24, 2013 |
|---|---|---|---|---|
| Title | *Aranas, et al. v. Napolitano, et al.* | JS-6 | | |

| Present: The Honorable | CONSUELO B. MARSHALL | |
|---|---|---|
| Joseph M. Levario | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**        IN CHAMBERS/OFF THE RECORD

    The matter before the Court is Defendants' Motion to Stay Proceedings (the "Motion"). [Docket No. 114.] Defendants seek to stay all proceedings in this case pending the ruling of the United States Supreme Court in *United States v. Windsor,* No. 12-307. Intervenor-Defendant Bipartisan Legal Advisory Group ("Intervenor") supports Defendants' Motion. (Motion at 2:6-14.) Plaintiff opposes the Motion but states that she has "no objection to staying so much of the instant proceedings as would finally determine whether DOMA § 3 denies equal protection." (Opp'n to Motion at 10:7-13.)

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). Three factors should be considered in granting a stay: 1) damage that could result from granting the stay; 2) hardship that may result if the stay is denied; and 3) following an "orderly course of justice" measured in the simplification or complication of "issues, proof, and questions of law" that may result from a stay being granted. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "[I]f there is even a fair possibility that the stay… will work damage to some one else" the moving party must make a "clear case of hardship or inequity." *Landis*, 299 U.S. at 255. "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Lockyer*, 398 F.3d at 1110 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

    First, Plaintiff has not identified any damage that could result from granting the Motion. Following this Court's April 19 Order Granting in Part and Denying in Part the Motions to Dismiss, Plaintiff's sole remaining claim is for violation of equal protection. [Docket No. 126.] To the extent that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1137 CBM (AJWx) | | Date | April 24, 2013 |
|---|---|---|---|---|
| Title | *Aranas, et al. v. Napolitano, et al.* | JS-6 | | |

Plaintiff's remaining claim exceeds the scope of Plaintiff's consent to stay, the only damage that Plaintiff identifies mirrors her arguments in support of her Motion for Preliminary Injunction. [Docket No. 12.] The Court denied preliminary injunctive relief, finding that Plaintiff failed to carry her burden of showing that irreparable harm was likely *pendente lite* in the absence of a preliminary injunction. [Docket No. 128.] The first *Lockyer* factor weighs in favor of a stay.

Second, Defendants argue that adjudicating the question of whether DOMA is constitutional while the same question is pending before the Supreme Court will result in a waste of scarce judicial and governmental resources, especially to the extent that Defendants are required to respond to discovery. (Motion at 3:6-20.) Plaintiff served Defendants with written discovery, including deposition notices, interrogatories, requests for admissions, and requests for production of documents during the pendency of Plaintiff's Motions for Provisional Class Certification and Preliminary Injunction. [*See e.g.*, Docket Nos. 59, 60, 68 (Exs. 1-6).] It is unclear whether this discovery remains relevant following the Court's April 19 Order Granting Plaintiff's Motion for Provisional Class Certification and Denying Plaintiff's Motion for Preliminary Injunction. [Docket Nos. 127, 128.] The second *Lockyer* factor is neutral.

Third, a decision from the Supreme Court in *United States v. Windsor,* No. 12-307, will simplify the issues before this Court. Plaintiff argues that the "[Supreme Court's] grant of certiorari in *Windsor* explicitly recognizes that whether DOMA § 3 denies equal protection may not even be a question that is justiciable" because Intervenor may lack Article III standing to defend DOMA's constitutionality. [Docket Nos. 115, 118.] Assuming *arguendo* that the Supreme Court finds the issue of Intervenor's standing to be dispositive, that ruling may nonetheless provide guidance to this Court because Intervenor is also the sole party defending DOMA's constitutionality in this litigation. The future course of this litigation, including discovery, will be shaped by the Supreme Court's decision in *Windsor*. The third *Lockyer* factor weighs in favor of a stay.

After weighing the *Lockyer* factors, the Court **GRANTS** the Defendants' Motion to Stay Proceedings pending the decision of the United States Supreme Court in *United States v. Windsor,* No. 12-307.

**IT IS SO ORDERED**.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | JL | |