STUART F. DELERY
Acting Assistant Attorney General
AUGUST E. FLENTJE
Senior Counsel for Immigration
DAVID J. KLINE
Director, Office of Immigration Litigation
AARON S. GOLDSMITH (VSB# 45405)
Senior Litigation Counsel
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 532-4107
Facsimile:  (202) 305-7000
Email:  Aaron.Goldsmith@usdoj.gov
TIMOTHY M. BELSAN
Trial Attorney

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN ARANAS, et al., | ) | No. 8:12-cv-1137-CBM (AJWx) |
| | ) | |
| Plaintiffs, | ) | **DEFENDANTS' NOTICE** |
| | ) | **TO THE COURT** |
| v. | ) | |
| | ) | Hon. Consuelo B. Marshall |
| JANET NAPOLITANO, Secretary, | ) | |
| Department of Homeland Security, | ) | |
| et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

On April 19, 2013, this Court denied Plaintiffs' motion for a preliminary injunction finding that Plaintiffs failed to meet their burden of showing future

1

irreparable injury.[1]  Dkt. No. 128 at 7-8.  In its order, this Court discussed and relied on the October 5, 2012 amendment to memoranda issued by U.S. Immigration and Customs Enforcement ("ICE") Director John Morton to "all ICE employees."  *Id*. at 6, 8 (collectively labeling the memoranda the "Morton Memo").  In particular, the Court noted that "none of the adverse immigration decisions provided by DeLeon post-date the October 5, 2012 amendment to the Morton Memo" and "[n]one of [the parties'] supplemental authorities include adverse immigration decisions affecting those in the plaintiff class after October 5, 2012."  *Id*. at 8.  The Court then cited to Plaintiffs' "Combined Exhibits, Exs. 1, 7, 13, 14, 17," all of which are denials issued by U.S. Citizenship and Immigration Services ("USCIS").  *Id.*

The statement in the Court's Order regarding adverse immigration decisions is fully accurate to the extent it refers to ICE's initiation of removal proceedings and the other actions discussed at page 6:23-28 of the Court's decision.  Out of an abundance of caution, Defendants wish to clarify that USCIS has, in fact, denied I-130 Petitions for Alien Relative since October 5, 2012, based on Section 3 of the Defense of Marriage Act ("DOMA").  These denials are not inconsistent with the Morton Memo cited by the Court, which relates only to ICE and does not apply to USCIS, the government agency that generally adjudicates immigration petitions

---

[1]  Plaintiffs included a copy of the transcript of the November 20, 2012 hearing in their Supplemental Exhibits as Exhibit 23.  *See* Dkt. No. 125-1.  Defendants note that the transcript contained several errors in attribution.  For example, it mistakenly attributes statements made by Nicholas Nelson, counsel for the Bipartisan Legal Advisory Group ("BLAG"), to August Flentje, counsel for the Government.  *See id*. at 54, ln. 14 through 55, ln. 3.  This mistake in attribution is clear based on the context of the statements.  *See id.* at 54, lns. 4-10.  Additionally, the transcript mistakenly attributes multiple statements made by Mr. Flentje to co-counsel Timothy Belsan.  *See id.* at 50-53.

and applications.[2] USCIS therefore does not exercise prosecutorial discretion pursuant to the Morton memo. Instead, in acting upon requests for statutory benefits, such as an I-130 Petition for Alien Relative or an I-601 Request for Waiver of Inadmissibility like that filed by Ms. DeLeon, USCIS applies Section 3 of DOMA, pursuant to the President's direction to enforce the law until there is a definitive ruling that Section 3 is unconstitutional. *See* Dkt. No. 25 at 1 ("[T]he Executive departments and agencies will continue to comply with Section 3, pursuant to the President's direction, unless and until Section 3 is repealed by Congress or there is a definitive ruling by the Judicial Branch that Section 3 is unconstitutional."). Because of that statutory bar, USCIS has in fact denied I-130 petitions over the past six months based on Section 3 of DOMA (and will continue to do so until there is a definitive ruling).

This clarification, however, should not impact this Court's decision to deny the preliminary injunction. As an initial matter, as this Court's stay decision recognizes, it is now a very short period before we anticipate a Supreme Court ruling addressing the constitutionality of Section 3. Further, the October 5 ICE policy does apply to the decision whether to initiate removal proceedings, which is the primary harm identified by Plaintiffs.[3] As counsel for Plaintiffs explained in addressing the harm caused by the denial of applications before USCIS:

---

[2] This Court's order correctly explained that the October 5, 2012 amendment to the Morton Memo "specifically expanded *ICE* prosecutorial discretion for the benefit of those in same-sex family relationships." Dkt. 128 at 8 (emphasis added). This distinction between ICE and USCIS was expounded upon by Plaintiffs' counsel at the November 20, 2012 hearing. Dkt. 125-1 at 82, lns. 15-24 (noting that the Morton Memo is a "very famous memo" which applies only to ICE, "the enforcement branch of the Department of Homeland Security . . . not to CIS . . . where there are petitions . . . pending").

[3] While DHS authority to initiate removal proceedings is not limited to ICE – USCIS and U.S. Customs and Border Protection ("CBP") have authority as well, *see* 8 C.F.R. § 239.1(a) listing the immigration officers authorized to issue notices

> I'm not that concerned with . . . enjoining them [denials of I-130 petitions], although I think it makes [em]inent sense for them not to issue further denials.  But, to be honest, you know, it's not going to kill us if . . . a preliminary injunction allowed them to still issue denials, as long as they're not going to pick people up and detain them and deport them and deny them work permits, then it's kind of who cares.  If they really want to [do] that – – it seems really kind of silly for them to do, but I don't think it's absolutely critical that . . . a preliminary injunction enjoin them from actually issuing denials if they thought they still want [to] do that.

Dkt. No. 125-1 at 71, ln. 18 through 72, ln. 4.  Rather, Plaintiffs' primary focus was on the possibility of detention and removal of individuals in same-sex marriages.  *See id.* at 69-72.  And as the Court explained, the October 5 policy directly addresses those concerns, since it applies to "ICE employees' determinations of whether to initiate removal proceedings by issuing a Notice to Appear; [and] whether to detain or to release on bond, supervision, personal recognizance, or other condition."  Dkt. 128 at 6.  Moreover, an individual in a same-sex marriage would still be able to seek deferred action based upon his or her individual and family circumstances – including the existence of the marriage – and the Department of Homeland Security would consider those circumstances in making a deferred-action determination.  Deferred action, while granted only in extraordinary circumstances, as the Court notes, can carry with it "temporary work authorization and tolling of unlawful presence."  Dkt. 128 at 8.  Plaintiffs have provided no evidence that since the October 5, 2012 amendment to the Morton Memo was issued, any class member has had an I-130 petition denied because of Section 3 of DOMA, and was placed into removal proceedings (much less detained)

---

to appear); *see generally id*. §§ 1.2 (defining "immigration officer"), 2.1 (providing for delegation of authorities) – all removal cases before the immigration courts are prosecuted by ICE, *see* 6 U.S.C. § 252(c), and ICE is responsible for DHS decisions regarding the detention of aliens in removal proceedings and the execution of removal orders, *see id*. § 251.

because of that denial. As a result, this Court properly found that Plaintiffs failed to meet their burden of establishing they are entitled to the "extraordinary and drastic remedy" of a preliminary injunction. *Id*. at 3.[4]

DATED: April 26, 2013

STUART F. DELERY
Acting Assistant Attorney General

AUGUST E. FLENTJE
Senior Counsel for Immigration

DAVID J. KLINE
Director, Office of Immigration Litigation

*s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4107
E-Mail: Aaron.Goldsmith@usdoj.gov

TIMOTHY M. BELSAN
Trial Attorney

*Attorneys for Defendants*

---

[4] Should the Court wish to amend its opinion to reflect this information, it could replace the sentence at lines 12-14 of page 8 with a sentence reading:

> None of these supplemental authorities show anyone in the plaintiff class having been placed into removal proceedings or detained after October 5, 2012.

5