CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos R. Holguín (Cal. Bar No. 90754)
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693 (Schey Ext. 304, Holguín ext. 309)
Facsimile: (213) 386-9484
pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Additional counsel listed next page*

*Attorneys for plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Jane DELEON,<br><br>Plaintiff,<br>v.<br><br>Janet NAPOLITANO, Secretary of the Department of Homeland Security; *et al.*, SECURITY,<br><br>Defendants.<br>_____<br>ALEXANDER BUSTOS GARCIA, RICHARD L. FITCH, HOLGA MARTINEZ, MARTHA REYES,<br><br>Plaintiffs-in-intervention<br>_____ | SACV12-01137 CBM (AJWx)<br><br>FINDINGS OF UNCONTROVERTED FACT AND CONCLUSIONS OF LAW; ORDER GRANTING SUMMARY JUDGMENT.<br><br>[Proposed]<br><br><br><br>Hearing: August 19, 2013<br>Time: 10:00 a.m.<br>Hon. Consuelo B. Marshall<br>Spring St., Courtroom No. 2 |

1

2
*Additional counsel for plaintiff Aranas:*

3
PUBLIC LAW CENTER
A.  Christian Abasto (Cal. Bar No. 190603)

4
601 Civic Center Drive West
Santa Ana, CA 92701

5
Telephone: (714) 541-1010 (Ext. 277)

6
Facsimile: (714) 541-5157
cabasto@publiclawcenter.org

7

8
*Additional counsel for plaintiff Aranas and for intervening plaintiffs Bustos Garcia
and Fitch:*

9

10
ASIAN LAW ALLIANCE
Beatrice Ann M. Pangilinan (Cal. Bar No. 271064)

11
184 Jackson Street, San Jose, CA 95112
Telephone: (408) 287-9710

12
Facsimile: (408) 287-0864

13
Email:  bpangilinan@asianlawalliance.org

14
*Additional counsel for plaintiffs DeLeon and Rodriguez and intervening

15
plaintiffs Martinez and Reyes:*

16
LAW OFFICES OF MANULKIN & BENNETT
Gary H. Manulkin (Cal. Bar No. 41469)

17
Reyna M. Tanner (Cal. Bar No. 197931)

18
10175 Slater Avenue, Suite 111
Fountain Valley, CA 92708

19
Telephone: 714-963-8951

20
Facsimile: 714-968-4948
gmanulkin@mgblaw.com

21
reynatanner@yahoo.com

22
/ / /

23

24

25

26

27

28

[Proposed] Order & Findings of Fact & Conclusions of Law - ii -

Plaintiff Jane DeLeon ("Plaintiff" or "DeLeon") challenges the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, as applied to deny her certain immigration benefits that have been and continue to be available to immigrants in heterosexual marriages. DeLeon seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. R. 57 as well as review of agency action pursuant to 5 U.S.C. §§ 701-706. (Complaint ("Compl.") at ¶ 4, Docket No. 1.)

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is Plaintiff DeLeon's Motion for Summary Judgment ("Motion"). [Docket No. __.]

### FINDINGS OF UNCONTROVERTED FACT

1. Plaintiff filed the Complaint in this case on July 12, 2012, challenging defendants' enforcement of DOMA § 3 as being in violation of her due process and equal protection rights under the Fifth Amendment of the United States Constitution and sought declaratory and injunctive relief. (Compl., Docket No. 1.)

2. Intervening plaintiffs filed their Complaint in Intervention and Motion to Intervene on July 8, 2013. (Motion to Intervene, Docket No. 133); (Compl. in Intervention, Docket No. 133, Attachment 1). The Court _____ [granted or denied] the motion to intervene.

3. Plaintiff and members of the certified class are members of lawful same-sex marriages denied benefits under the INA by defendants solely due to DOMA § 3.

4. Plaintiff Jane DeLeon is the spouse of a U. S. Citizen, former plaintiff Irma

Rodriguez. On November 9, 2011, defendants denied plaintiff DeLeon a waiver of inadmissibility solely because, under DOMA § 3, plaintiff DeLeon and her spouse are of the sex. (USCIS denial of Motion to Reopen or Reconsider, Docket No. 12, Exhibit 1). Defendants informed plaintiff DeLeon that she was no longer authorized for employment, that her authorized presence was also terminated, and that she would thereafter accrue unauthorized presence that could render her inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(9)(B).  (USCIS Decision, Docket No. 12, Exhibit 2, p. 4.)

5. Intervening plaintiff Martha Reyes is a U.S. citizen; intervening plaintiff Holga Martinez is a citizen and national of Mexico. (Declaration of Holga Martinez, Docket No. 93, Exhibit 18; *see also* USCIS Sept. 26, 2011, Notice of Decision, Docket No. 89, Exhibits 13 and 17).  Intervening plaintiffs Martinez and Reyes are lawfully married, of the same sex, and reside together in Anaheim, California. *Id*. On or about September 26, 2011, defendants denied temporary authorized presence, employment authorization, and lawful permanent residence to intervening plaintiff Martinez solely pursuant to DOMA § 3 because both she and intervening plaintiff Reyes are women. *Id*. Defendants notified intervening plaintiff Martinez that "your authorization to accept employment is terminated," that her authorized presence " is also terminated," and that she would thereafter accrue unauthorized presence that could render her inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(9)(B). (USCIS Decision, Docket No. 89, Exhibit 17).

6. Intervening plaintiff Richard L. Fitch is a U.S. citizen; intervening plaintiff

[Proposed] Order & Findings of Fact & Conclusions of Law - 2 -

Alexander Bustos Garcia is a citizen and national of Colombia. Intervening plaintiffs Fitch and Bustos are lawfully married, of the same sex, and reside together in San Francisco, California. (Declarations of Richard L. Fitch and Alexander Bustos Garcia, Docket No. 135, Exhibits 56 and 57.) On or about June 14, 2013, defendants denied intervening plaintiff Bustos Garcia temporary authorized presence, employment authorization, and lawful permanent residence solely pursuant to DOMA § 3 because both intervening plaintiffs Fitch and Bustos are men. (*Id*.; *see also* USCIS case status report, Docket No. 135, Exhibit 61.) Pursuant to defendants' policy and practice, intervening plaintiff Bustos Garcia was thereafter precluded from lawful employment in the United States and began accruing unauthorized presence that may render him inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(B). *Id*.

7. Defendant Janet Napolitano is the Secretary of the United States Department of Homeland Security. Defendant Napolitano is charged with the administration of the United States Department of Homeland Security. Defendant United States Citizenship and Immigration Services is a subordinate agency within the Department of Homeland Security, and as such is under the authority and supervision of defendant Napolitano. She is sued in her official capacity. (Compl., Docket No. 1, p. 5, ¶ 11; *see also* 8 C.F.R. § 2.1 (as amended March 6, 2003).)

8. Defendant Alejandro Mayorkas is the Director of defendant the United States Citizenship and Immigration Services, an entity within the United States Department of Homeland Security ("DHS") with statutory responsibility for adjudicating petitions filed by United States citizens and lawful permanent residents

to grant lawful immigration status to "immediate relative" immigrant family members, including lawful spouses of United States citizens and lawful permanent residents. He is sued in his official capacity. (*Id.*, p. 6, ¶ 12; *see also* 8 C.F.R. § 2.1(d) (as amended March 6, 2003).)

7. Defendant the United States Citizenship and Immigration Service ("USCIS") is an entity within the DHS with statutory responsibility to adjudicate petitions and applications filed by United States citizens and lawful permanent residents to grant lawful immigration status to immigrant family members, including lawful spouses of United States citizens and lawful permanent residents. (*Id.*, p. 6, ¶ 13; *see also* 8 C.F.R. § 2.1(x) (as amended March 6, 2003).)

8. April 19, 2013, the Court certified this action on behalf of the following class of similarly situated persons:

> All members of lawful same-sex marriages who have been denied or will be denied lawful status or related benefits under the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, by the Department of Homeland Security solely due to § 3 by the Defense of Marriage Act, 1 U.S.C. § 7.

(Order Granting Provisional Class Certification, Docket No. 127, at 12.) The Court appointed plaintiff DeLeon as class representative. (*Id.* at 12.) The Court's findings and conclusions regarding the propriety of class certification are incorporated here by reference.

9. Plaintiff and intervening plaintiffs and their class members have suffered irreparable harm because of defendants' application of DOMA § 3, including

[Proposed] Order & Findings of Fact & Conclusions of Law - 4 -

emotional distress and anxiety,[1] the accumulation of unauthorized presence and

denial of the right to lawful employment,[2] and denial of their family-based

applications and petitions.[3] Defendants' policies and practices have deprived

plaintiff, intervening plaintiffs, and members of the certified class of due process and

equal protection in violation of the Fifth Amendment to the United States

Constitution.

　　　10. Any conclusion of law set forth below that is more properly deemed a

finding of fact is hereby incorporated into these findings of fact.

CONCLUSIONS OF LAW

　　　1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Venue is properly in this Court pursuant to 28 U.S.C. § 1391(b) and (e)(1), (2), and

(4), because acts complained of occurred in this district, plaintiff DeLeon resides in

---

[1] (*See, e.g.*, Declarations of Richard L. Fitch and Alexander Bustos Garcia, Dkt. 135, Exhibits 56 and 57; Declaration of Holga Martinez, Docket No. 93, Exhibit 18, ¶ 5; Declaration of Samuel Conlon, Docket No. 135, Exhibit 50, ¶¶ 12-13; The Impact of Institutional Discrimination on Psychiatric Disorders in Lesbian, Gay, and Bisexual Populations: A Prospective Study, Docket No. 135, Exhibit 55.)

[2] (Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, Docket No. 39, 19:8-16.)

[3] (*See, e.g.*, Defendants' Notice to the Court, Docket No. 131, p. 2 (denials issued after October 5, 2012; *see also* denial of Motion to Reopen or Reconsider (DeLeon), Docket No. 12, Exhibit 1; USCIS Decision (DeLeon), Docket No. 12, Exhibit 2; USCIS case status report (class members Firtch and Bustos), Docket No. 135, Exhibit 61; Notice of Decision (class members Reyes and Martinez), Docket No. 89, Exhibits 13 and 17; Plaintiffs Exhibits 34-61, Docket No. 135, Exhibits 37-45 (denials of various class members' applications).)

[Proposed] Order & Findings of Fact & Conclusions of Law - 5 -

this district, defendant has offices in this district, and no real property is involved in this action.

2. Plaintiff's [if applicable: and intervening plaintiffs'] action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201-2202 and Fed.R.Civ.Proc. Rule 57, and for review of agency action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

3. A motion for summary judgment should be granted when "there is no genuine issue as to material fact[s]," and "the moving party is entitled to [judgment] as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.,* at 248.

4. In 1996 Congress enacted the Defense of Marriage Act (DOMA), 110 Stat. 2419, 1 U.S.C. § 7. DOMA contains two operative sections: Section 2, which is not challenged here, allows States to refuse to recognize same-sex marriages performed under the laws of other States. Section 3, which is at issue here, amends the Dictionary Act in Title 1, §7, of the United States Code to provide a federal definition of "marriage" and "spouse." Section 3 of DOMA provides as follows: "In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word 'marriage' means only a legal union between one man and one

woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or a wife." 1 U. S. C. §7.

5. The enactment's comprehensive definition of marriage for purposes of all federal statutes and other regulations or directives covered by its terms controls over 1,000 federal laws in which marital or spousal status is addressed as a matter of federal law, including the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq*. (INA). *United States v. Windsor*, _U.S. _; 81 U.S.L.W. 4633 (June 26, 2013), Slip. Op. at 1-2.

6. In general, a marriage is valid for immigration purposes if it is valid under the law of the state where it was celebrated. *Matter of Lovo-Lara*, 23 I&N Dec. 746, 748 (BIA 2005). Historically, as long as two people intend to establish a life together at the time of the marriage, the marriage is valid for immigration purposes. *Bark v. INS*, 511 F.2d 1200 (9th Cir. 1975). Defendants' refusing to recognize same-sex couples' lawful marriages as valid for purposes of conferring immigration benefits was accordingly not a function of the INA, but rather of DOMA § 3.

7. In *Windsor*, *supra*, the Supreme Court struck down DOMA § 3 because it "seeks to injure the very class [states authorizing same-sex marriage] seek[ ] to protect. By doing so it violates basic due process and equal protection principles applicable to the Federal Government." Slip. Op. at 20.

8. Defendants' pre-*Windsor* refusal to recognize lawfully married same-sex couples' marriages pursuant to DOMA § 3 as valid predicates for the granting of immigration benefits accordingly violated the equal protection and due process

guarantees of the Fifth Amendment to the United States Constitution.

9. The accrual of unlawful presence can lead to significant bars to admission to the United States, should DeLeon or class members leave the country (including to obtain a visa) and attempt to re-enter. (Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, Docket No. 39, 19:8-16 (*citing* 8 U.S.C. § 1182(a)(9)(B); *In re Lemus-Losa*, 25 I. & N. Dec. 734 (BIA 2012); *In re Rodarte-Roman*, 23 I. & N. Dec. 905 (BIA 2006).)

10. Any injury suffered by DeLeon and members of the certified class may be "be ended by an order by this Court ultimately declaring DOMA to be unconstitutional and directing USCIS to reopen and adjudicate [DeLeon's and class members'] applications without regard to DOMA …" (Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, Docket No. 39, 19:27-20:2.)

11. Any finding of fact set forth above that is more properly deemed a conclusion of law is hereby incorporated into these conclusions of law.

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Summary Judgment.

DATED: August __ 2013.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Presented by —
Peter Schey and Carlos Holguín
*Attorneys for plaintiff, intervening plaintiffs,*
*and members of the certified class*

1

CERTIFICATE OF SERVICE

2

SACV12-01137 CBM (AJWx)

3

I hereby certify that on this day I electronically filed the foregoing PROPOSED

4

FINDINGS OF FACT AND CONCLUSIONS OF LAW with the Clerk of Court by using the

5

6

CM/ECF system, which provided an electronic notice and electronic link of the same

7

to all attorneys of record through the Court's CM/ECF system.

8

Dated: July 19, 2013.          /s/ _____

9

Peter Schey

10

/ / /

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28