CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos R. Holguín (Cal. Bar No. 90754)
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693 (Schey Ext. 304, Holguín ext. 309)
Facsimile: (213) 386-9484
pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Additional counsel listed next page*

*Attorneys for plaintiffs-in-intervention*

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN R. ARANAS, *et al.*, <br><br> Plaintiffs, <br><br> -vs- <br><br> JANET NAPOLITANO, Secretary of the Department of Homeland Security; *et al.*, <br><br> Defendants. | SACV12-01137 CBM (AJWx) <br><br> REPLY TO OPPOSITION TO MOTION TO MODIFY STAY AND FOR PRELIMINARY INJUNCTION RE: CLASS MEMBERS BUSTOS GARCIA AND MARTINEZ. |
| ALEXANDER BUSTOS GARCIA, RICHARD L. FITCH, HOLGA MARTINEZ, MARTHA REYES, <br><br> Plaintiffs-in-intervention | Hearing: August 19, 2013. <br> Time: 10:00 a.m. <br> Hon. Consuelo B. Marshall <br> Spring St., Courtroom No. 2 |

*Additional counsel for intervening plaintiffs Bustos Garcia and Fitch:*

ASIAN LAW ALLIANCE
Beatrice Ann M. Pangilinan (Cal. Bar No. 271064)
184 Jackson Street, San Jose, CA 95112
Telephone: (408) 287-9710
Facsimile: (408) 287-0864
Email:  bpangilinan@asianlawalliance.org

*Additional counsel for intervening plaintiffs Martinez and Reyes:*

LAW OFFICES OF MANULKIN & BENNETT
Gary H. Manulkin (Cal. Bar No.  41469)
Reyna M. Tanner (Cal. Bar No.  197931)
10175 Slater Avenue, Suite 111
Fountain Valley, CA 92708
Telephone: 714-963-8951
Facsimile: 714-968-4948
gmanulkin@mgblaw.com
reynatanner@yahoo.com

/ / /

REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION RE:

INTERVENING CLASS MEMBERS BUSTOS GARCIA AND MARTINEZ

Were defendants to have issued intervenors Bustos Garcia and Martinez employment authorization, they would, of course, not be moving this Court to compel defendants to do so. But as of this writing defendants continue to deny intervenors permission to work lawfully in the United States.

Defendants' contending that intervenors' motion—and indeed, this entire action—is moot cannot be squared with that salient fact. Intervenors have suffered long enough, and defendants offer absolutely no reason for this Court to deny them interim relief.

First, this action is anything but moot. As demonstrated in plaintiff's reply to defendants' opposition summary judgment and class-wide interim relief, filed concurrently herewith, CIS's posting answers to "frequently asked questions" (FAQ) on its website outlining voluntary steps it says it will take to unwind the damage the agency did to class members over the several years it did apply DOMA § 3 falls far short of making intevenors whole or mooting their need for immediate work authorization.

Second, intervenors clearly do have cause to intervene, and as shown in their reply to defendants' opposition to their intervening, and they should be permitted to do so precisely because, *inter alia*, they need and deserve interim protection against continuing irreparable injury.

Finally, the Court is clearly empowered to save intervenors from irreparable

- 1 -

injury *pendente lite* even should it decline to issue a class-wide preliminary injunction. *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010), *quoting Lymburner v. U.S. Fin. Funds, Inc.*, 263 F.R.D. 534, 540 (N.D. Cal. 2010) (named plaintiff typical of class despite availability of plaintiff-specific remedy and finding "no authority for the argument that typicality is defeated because the remedies may be different for class members…"); *see also Yniguez v. Arizona*, 975 F.2d 646, 647 (9th Cir. 1992) (representative may seek nominal damages individually while requesting declaratory and injunctive relief only on behalf of those similarly situated).[1]

---

[1] Defendants' sole authority, *Wal-Mart Stores, Inc. v. Dukes*, _ U.S. _; 131 S. Ct. 2541; 180 L. Ed. 2d 374 (2011), is not to the contrary.

There, the plaintiffs' "claims for backpay were improperly certified under Federal Rule of Civil Procedure 23(b)(2)" because backpay was "monetary relief … not incidental to the injunctive or declaratory relief" core to the action. 131 S.Ct. at 2557. Here intervenors seek *interim* injunctive relief identical to that requested for the class. *Wal-Mart Stores, Inc.* is wholly inapposite.

- 2 -

For the foregoing reasons, the Court should preliminarily enjoin defendants to authorize intervenors to work. It should also enjoin defendants against deeming intervenors' presence unauthorized for purposes of 8 U.S.C. § 1182(a)(9)(B).

Dated: August 5, 2013.

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey
Carlos R. Holguín

ASIAN LAW ALLIANCE
Beatrice Ann M. Pangilinan

LAW OFFICES OF MANULKIN & BENNETT
Gary H. Manulkin
Reyna M. Tanner

/s/ Peter A. Schey_____

/s/ Carlos R. Holguín _____

*Attorneys for plaintiffs-in-intervention*

CERTIFICATE OF SERVICE

SACV12-01137 CBM (AJWx)

I hereby certify that on this day I electronically filed the foregoing REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record through the Court's CM/ECF system.

Dated: August 5, 2013.                    /s/ Carlos Holguín _____

/ / /