CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos R. Holguín (Cal. Bar No. 90754)
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693 (Schey ext. 304; Holguín ext. 309)
Facsimile: (213) 386-9484
pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Additional counsel listed next page*

*Attorneys for plaintiffs-in-intervention*

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARTIN R. ARANAS, et al., | No. SACV12-01137 CBM (AJWx) |
| Plaintiffs, | REPLY TO OPPOSITION TO MOTION TO INTERVENE |
| -vs- | |
| JANET NAPOLITANO, Secretary of the Department of Homeland Security; *et al.*, | |
| Defendants. | |
| ALEXANDER BUSTOS GARCIA, RICHARD L. FITCH, MARTINEZ, MARTHA REYES, | Hearing: August 19, 2013<br>Time: 10:00 a.m.<br>Spring St., Courtroom No. 2<br>Hon. Consuelo B. Marshall |
| Plaintiffs-in-intervention. | |

*Additional counsel for intervening plaintiffs Bustos Garcia and Fitch:*

ASIAN LAW ALLIANCE
Beatrice Ann M. Pangilinan (Cal. Bar No. 271064)
184 Jackson Street, San Jose, CA 95112
Telephone: (408) 287-9710
Facsimile: (408) 287-0864
Email: bpangilinan@asianlawalliance.org

*Additional counsel for intervening plaintiffs Martinez and Reyes:*

LAW OFFICES OF MANULKIN & BENNETT
Gary H. Manulkin (Cal. Bar No. 41469)
Reyna M. Tanner (Cal. Bar No. 197931)
10175 Slater Avenue, Suite 111
Fountain Valley, CA 92708
Telephone: 714-963-8951
Facsimile: 714-968-4948
gmanulkin@mgblaw.com
reynatanner@yahoo.com

/ / /

REPLY TO OPPOSITION TO MOTION TO INTERVENE

I     INTRODUCTION

Defendants make no effort to argue that this Court's allowing intervention would prejudice them in any cognizable way. Absence of prejudice to the opposing party—"perhaps the most important factor in determining timeliness of a motion to intervene as of right," *Peterol Stops Nw. v. Cont'l Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981)—is accordingly satisfied here.

Rather, defendants' sole argument against intervention[1] is that plaintiff Jane DeLeon adequately represents intervenors notwithstanding (1) that this Court denied her interim relief on factual grounds inapplicable to intervenors Fitch and Bustos Garcia; and (2) that defendants have repeatedly challenged Ms. DeLeon's representing class members denied *family-based* immigration benefits, rather than a waiver of inadmissibility, such as that CIS denied Ms. DeLeon, who has an approved employment-based visa petition, pursuant to DOMA § 3.

Intervenors have argued, and defendants do not contest, that Rule 24 is liberally construed in favor of intervention. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Intervenors have clear and important reasons for intervening: to put to rest once

---

[1] Defendants similarly concede that intervening plaintiffs have an interest at stake in this proceeding or that the Court's disposition of this action may affect that interest. *See generally Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir.), *cert. denied*, 540 U.S. 1017 (2003).

and for all defendants' challenge to plaintiff DeLeon's suitability as a class representative; and to seek interim relief for themselves (and those similarly situated) this Court previously, on Ms. DeLeon's different facts, declined to issue.

Given defendants' concession that granting the instant motion would do no harm, these are good and sufficient grounds for the Court to construe Rule 24 liberally and grant leave to intervene.

II    INTERVENTION SHOULD BE PERMITTED TO SETTLE CLASS MEMBERS' RIGHT TO RELIEF FROM DEFENDANTS' HAVING APPLIED DOMA § 3 AGAINST THEM.

Defendants first argue that proposed intervenors have no substantial reason to intervene because the Court has upheld plaintiff DeLeon's standing and adequacy as a adequate class representative. That the Court so ruled is, of course, undisputed. *See* Order, April 19, 2013 (Dkt. 127).

But it is also true that the Court so ruled over defendants' objection to plaintiff DeLeon's adequacy as a class representative. Defendants argued as follows:

> … Ms. DeLeon entered the United States in 1989 by misrepresenting her name and marital status, and thus sought an I-601 waiver. Her … I-601 waiver … [is] based on the alleged hardship to her same-sex spouse, Ms. Rodriguez. It was in that *unique context* that Ms. DeLeon received a denial from USCIS pursuant to Section 3 of DOMA.
>
> On the other hand, *in the typical immigration case challenging DOMA, the injury*

*is caused by the denial of an I-130 petition which is filed by the U.S. Citizen spouse on behalf of his or her alien spouse and is non-discretionary.* Thus, Ms. DeLeon's case presents *very specific and novel circumstances, which are unlikely to exist among other potential class members* … Further, since this case involves a waiver of inadmissibility for an inadmissible alien, *the statutory right of a U.S. Citizen to obtain the grant of an I-130 petition is not reflected in this litigation in any way*.

Opposition to Class Certification (Dkt. 35) at 10-11 (citations omitted; emphasis added).

Though this Court rejected defendants' argument, they have never abandoned it and remain free to challenge this Court's ruling on appeal. Intervenors—who, unlike plaintiff DeLeon, had I-130 family-based petitions denied pursuant to DOMA § 3—the plaintiff class, and class counsel all have an interest in putting to rest defendants' objection once and for all. Defendants' tacit preference to reserve that argument for appeal is no reason to deny intervention.

The Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citation omitted).

Proposed intervenors' burden to show inadequate representation is "minimal," *Arakaki v. Cayetano, supra*, 324 F.3d at 1086, and satisfied where representation of their

- 3 -

interests "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972). In determining the adequacy of representation the Ninth Circuit considers, *inter alia*, whether a proposed intervenor would contribute any necessary element to the proceeding that other parties may not. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).

Proposed intervenors, as well as the plaintiff class, have a clear interest in ensuring that any judgment this Court may enter will not be overturned on appeal because of Ms. DeLeon's alleged inadequacy as a class representative. Intervenors would be less than prudent were they to discount entirely the possibility that the Ninth Circuit might disagree with this Court's decision regarding DeLeon's adequacy as the sole class representative. Inasmuch as intervention would not harm defendants in the least, eliminating a potential ground for vacating this Court's class certification order is reason enough to allow intervention.

III    PROPOSED INTERVENORS SEEK IDENTICAL *FINAL* RELIEF FOR THEMSELVES AND THEIR CLASS MEMBERS. NOTHING IN RULE 23 BARS THEM FROM SEEKING *INTERIM* RELIEF PROTECTING THEMSELVES FROM IRREPARABLE INJURY SHOULD THE COURT DECLINE TO PROTECT THE CLASS AS A WHOLE *PENDENTE LITE*.

Defendants also oppose intervention on the ground that the proposed intervenors would not be suitable class representative, suggesting they improperly seek interim relief for themselves they do not seek for the class. *See, e.g.,* Opposition at 2 & n.1 ("Rule

23(b)(2) does not authorize class certification when 'each individual class member would be entitled to a different injunction…'"). Defendants misstate both the facts and the law.

First, intervenors fully support plaintiff DeLeon's request that this Court reconsider its order denying a class-wide preliminary injunction. In their proposed complaint-in-intervention, intervenors pray that the Court "issue a temporary injunction promptly enjoining defendants (a) to vacate their denials of employment authorization to intervening plaintiffs Martinez and Bustos Garcia, *and those similarly situated*, and promptly grant them employment authorization…" Dkt. 133-2 at 26 (emphasis added).

Should the Court again decline to protect the class as a whole *pendente lite*, intervenors would, of course, hope it would at least save them from further irreparable injury they have already suffered for several months. That is hardly a conflict with the class, much less one warranting denial of intervention.

To begin, not all putative conflicts between a proposed representative and a class are significant. *See* 1 Joseph M. McLaughlin, MCLAUGHLIN ON CLASS ACTIONS: LAW & PRACTICE § 4:30 (8th ed. 2011). Rather, a "conflict must be 'fundamental' to violate Rule 23(a)(4)." *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009) ("An absence of *material* conflicts of interest between the named plaintiffs and their counsel with other class members is central to adequacy . . . ." (emphasis added)); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) ("[T]he

existence of minor conflicts alone will not defeat a party's claim to class certification: the conflict must be a 'fundamental' one going to the specific issues in controversy.").

In short, the law nowhere demands that a class representative and unnamed class members in a (b)(2) class action seek or be awarded wholly identical relief, whether permanent, or, as here, merely interim. *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010), *quoting Lymburner v. U.S. Fin. Funds, Inc.*, 263 F.R.D. 534, 540 (N.D. Cal. 2010) (named plaintiff typical of class despite availability of plaintiff-specific remedy and finding "no authority for the argument that typicality is defeated because the remedies may be different for class members…"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (that "some class members may possess slightly differing remedies" not grounds to deny class certification); *see also Yniguez v. Arizona*, 975 F.2d 646, 647 (9th Cir. 1992) (representative may seek nominal damages individually while requesting declaratory and injunctive relief only on behalf of those similarly situated).[2]

Nothing in Rule 23 precludes the Court from awarding interim relief to intervenors should it again decline to issue interim relief to class members whose applications for interim employment authorization have been wrongfully denied leaving

---

[2] Similarly, it is well-settled that even when a named representative's claims become moot a court may award the class relief even though the named plaintiff is no longer eligible for *any* relief. *See, e.g., County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 114 L. Ed. 2d 49, 111 S. Ct. 1661 (1991); *Guaranty National Bank v. Roper*, 445 U.S. 326, 339, 63 L. Ed. 2d 427, 100 S. Ct. 1166 (1979).

them either unemployed or working illegally while awaiting re-opening and re-adjudication of their visa petitions and applications for adjustment of status.

IV  CONCLUSION

For the foregoing reasons, the Court should allow class members Bustos Garcia, Fitch, Martinez, and Reyes to intervene as party-plaintiffs in this action.

Dated: August 5, 2013.

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey
Carlos R. Holguín

ASIAN LAW ALLIANCE
Beatrice Ann M. Pangilinan

LAW OFFICES OF MANULKIN & BENNETT
Gary H. Manulkin
Reyna M. Tanner

/s/ Peter A. Schey

/s/ Carlos R. Holguín

*Attorneys for plaintiffs-in-intervention*

CERTIFICATE OF SERVICE

SACV12-01137 CBM (AJWx)

I hereby certify that on this day, I electronically filed the foregoing REPLY TO OPPOSITION TO MOTION TO INTERVENE with the Clerk of Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record through the Court's CM/ECF system.

Dated: August 5, 2013.          /s/ Carlos Holguín _____

/ / /

- 1 -