STUART F. DELERY
Assistant Attorney General
AUGUST E. FLENTJE
Senior Counsel for Immigration
DAVID J. KLINE
Director, Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
AARON S. GOLDSMITH (VSB# 45405)
Senior Litigation Counsel
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 532-4107
Facsimile:  (202) 305-7000
Email:  Aaron.Goldsmith@usdoj.gov
TIMOTHY M. BELSAN
Trial Attorney

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ARANAS, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>JANET NAPOLITANO, Secretary, Department of Homeland Security, et al.,<br><br>   Defendants. | No. 8:12-cv-1137-CBM (AJWx)<br><br>**DEFENDANTS' SUPPLEMENTAL STATUS REPORT**<br><br>Hearing:  September 10, 2013<br>Time:  10:00 a.m.<br>Judge:  Hon. Consuelo B. Marshall<br>Courtroom No. 2 |

U.S. Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), submits this Supplemental Status Report updating the Court regarding its continued efforts to reopen and adjudicate

1

immigration petitions and applications that were denied solely based on Section 3 of the Defense of Marriage Act ("DOMA") in accordance with the procedures that it announced on July 26, 2013.  *See* Dkt. 146-1.

USCIS advises that it is aware of a total of 148 matters involving denials of immigration petitions or applications based solely on Section 3 of DOMA (24 of which occurred before February 22, 2011, and the rest after).[1]  USCIS is expeditiously taking appropriate action in these matters, and to date has reopened 105 of them[2], of which it has granted 33.  Some matters have been reopened and granted, while other matters have been reopened but not yet adjudicated for a variety of reasons, including:  (1) some matters (56) involve I-130 petitions only, while others (80) involve associated I-485 applications which are more complex to adjudicate because they involve a full determination of the beneficiary's

---

[1] The vast majority of these matters (136 of the 148) involve I-130 petitions for alien relatives filed by a U.S. citizen or an alien lawfully admitted for permanent residence ("LPR") (the petitioner) to classify an alien same-sex spouse (the beneficiary) as a family-based immigrant.  Depending on the circumstances, an I-130 petition may either be filed by itself (typically, if the alien beneficiary is outside the United States and/or the petitioner is an LPR), or it may be filed concurrently as a package with the beneficiary's I-485 application to adjust status (typically, if the beneficiary is a spouse of a U.S. citizen who is present in the United States already).  And, in turn, if an I-485 application is filed, it may be accompanied by a concurrently filed I-765 application for an employment authorization document (EAD) and I-131 application for advance parole.  In other words, the 150 matters each involve between one and four separate (but related, if more than one) petitions or applications.  Prior to the *Windsor* decision, when USCIS was still applying Section 3 of DOMA, USCIS denied I-130 petitions because the qualifying spousal relationship could not be established for purposes of federal law.  Denial of the I-130 petition led to consequent denial of any associated I-485 application and other pending associated applications based on the spousal relationship claimed under the I-130 petition.

[2] When USCIS reopens the matter, it reopens the denied I-130 petition as well as the denied I-485 application (if any) and any other denied associated application.

admissibility as an immigrant (in addition to the existence of a qualifying family relationship); (2) three matters require a request to the Board of Immigration Appeals (BIA) to remand petitions that were appealed; (3) several matters raise eligibility issues other than Section 3 of DOMA; (4) some matters require determination of what additional evidence may be needed, including collection and processing of biometrics (fingerprints) and/or interview; (5) in several matters it appears there may have been duplicate filings (*i.e.*, a newly filed I-130 petition that would obviate the need to reopen a past denial), or beneficiaries who already obtained LPR status by other means; and (6) some cases require the physical transfer of files between DHS offices (typically from a USCIS service center that initially processes I-130 petitions to a field office with the capacity to conduct interviews and otherwise adjudicate I-485 applications).

In accordance with procedures announced on July 26, 2013, USCIS has been advised by e-mail of 60 matters, 23 of which had not previously been identified as involving a denial based on Section 3 of DOMA. Of these 60 matters, 41 have been reopened. These 60 matters and 41 reopened matters are included in the overall number of 148 matters and 105 re-openings stated above.

With respect to I-765 applications for employment authorization filed in conjunction with I-485 applications that were previously denied based solely on Section 3 of DOMA, USCIS has issued 30 employment authorization documents.[3]

---

[3] Under DHS regulations at 8 C.F.R. § 274a.12(c)(9), applicants for adjustment of status are eligible for a discretionary grant of an EAD. Depending on the specific status of the case, in some cases it is more efficient to proceed immediately to adjudicate the underlying I-485 application, leading to LPR status, than to issue an interim EAD. A pending or granted I-130 petition alone (*i.e.*, with no pending I-485 application) does not provide any eligibility for an EAD. In a few cases, an EAD had previously been issued for other reasons (for example, based on a grant of deferred action).

3

There were five other cases challenging Section 3 of DOMA in the immigration context pending in federal court at the time of the Supreme Court's decision in *Windsor*. USCIS has reopened the petitions at issue in all of these cases, and plaintiffs in three of the five cases have voluntarily dismissed their actions. *See Fernandes, et al. v. Napolitano, et al.*, No. 4:13-cv-01203-PJH (N.D. Cal.) (order of dismissal dated August 2, 2013); *Plebani v. Napolitano, et al.*, No. 13-CV-10483-RGS (D. Mass.) (case terminated August 13, 2013); *Partridge, et al. v. Napolitano, et al.*, No. 4:12-cv-06373-SBA (N.D. Cal.) (notice of dismissal dated August 14, 2013). The fourth case involved a petition for writ of habeas corpus that was dismissed by the district court because the petitioner was not in custody. *See Umbarger v. U.S. Bureau of Immigration and Customs Enforcement, et al.*, No. 2:12-cv-15600-DPH (E.D. Mich.) (order of dismissal dated July 31, 2013). The fifth case, which was filed before this action commenced, involves five immigration matters. USCIS has reopened all five matters, and has granted the three petitions that involved I-130 petitions only. Plaintiffs have advised that they intend to agree to a stipulated dismissal but are giving USCIS time to take additional action on the two pending matters (which involve I-485 applications as well as I-130 petitions) before doing so. *See Blesch, et al. v. Holder, et al.*, No. 1:12-cv-01578-CBA (E.D.N.Y.).

USCIS advises that the above-information is accurate as of August 16, 2013.

DATED: August 19, 2013  Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

AUGUST E. FLENTJE
Senior Counsel for Immigration

DAVID J. KLINE
Director, Office of Immigration Litigation

JEFFREY S. ROBINS
Assistant Director

*s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4107
E-Mail: Aaron.Goldsmith@usdoj.gov

TIMOTHY M. BELSAN
Trial Attorney

*Attorneys for Defendants*