STUART F. DELERY
Assistant Attorney General
AUGUST E. FLENTJE
Senior Counsel for Immigration
DAVID J. KLINE
Director, Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
AARON S. GOLDSMITH (VSB# 45405)
Senior Litigation Counsel
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4107
Facsimile: (202) 305-7000
Email: Aaron.Goldsmith@usdoj.gov
TIMOTHY M. BELSAN
Trial Attorney

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN ARANAS, et al., | ) | No. 8:12-cv-1137-CBM (AJWx) |
| | ) | |
| Plaintiffs, | ) | **DEFENDANTS' SECOND SUPPLEMENTAL STATUS REPORT** |
| | ) | |
| v. | ) | |
| | ) | |
| JANET NAPOLITANO, Secretary, | ) | |
| Department of Homeland Security, | ) | Hearing: September 10, 2013 |
| et al., | ) | Time: 10:00 a.m. |
| Defendants. | ) | Judge: Hon. Consuelo B. Marshall |
| _____ | ) | Courtroom No. 2 |

U.S. Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), submits this Second Supplemental Status Report updating the Court regarding its continued efforts to reopen and

1

adjudicate immigration petitions and applications that were denied solely based on Section 3 of the Defense of Marriage Act ("DOMA") in accordance with the procedures that it announced on July 26, 2013. *See* Dkt. 146-1. Defendants advise the Court that they do not believe that the September 10 hearing is necessary and that the four pending motions may properly be decided on the papers.

USCIS states that it is aware of a total of 149 matters involving denials of immigration petitions or applications based solely on Section 3 of DOMA (25 of which occurred before February 22, 2011, and the rest after).[1] Of these 149 matters, only 4 are both currently before USCIS and have not been reopened.[2] Thus, out of a total 149 matters: (i) USCIS has already reopened 134 matters (granting 59, denying 2 for reasons unrelated to Section 3 of DOMA); (ii) 7 matters are currently pending before the Board of Immigration Appeals ("BIA")

---

[1] The vast majority of these matters (135 of the 149) involve I-130 petitions for alien relatives filed by a U.S. citizen or an alien lawfully admitted for permanent residence ("LPR") (the petitioner) to classify an alien same-sex spouse (the beneficiary) as a family-based immigrant. Depending on the circumstances, an I-130 petition may either be filed by itself (typically, if the alien beneficiary is outside the United States and/or the petitioner is an LPR), or it may be filed concurrently as a package with the beneficiary's I-485 application to adjust status (typically, if the beneficiary is a spouse of a U.S. citizen who is present in the United States already). And, in turn, if an I-485 application is filed, it may be accompanied by a concurrently filed I-765 application for an employment authorization document (EAD) and I-131 application for advance parole. In other words, the 149 matters each involve between one and four separate (but related, if more than one) petitions or applications. Prior to the *Windsor* decision, when USCIS was still applying Section 3 of DOMA, USCIS denied I-130 petitions because the qualifying spousal relationship could not be established for purposes of federal law. Denial of the I-130 petition led to consequent denial of any associated I-485 application and other pending associated applications based on the spousal relationship claimed under the I-130 petition.

[2] When USCIS reopens the matter, it reopens the denied I-130 petition as well as the denied I-485 application (if any) and any other denied associated applications.

2

and, thus, cannot be reopened by USCIS at this time, and (iii) 4 matters involve aliens who have already adjusted by other means, and thus whose earlier petitions/applications are moot.

Fifty-nine of the 134 reopened matters have been granted by USCIS, two have been denied, while the remaining 84 matters have been reopened – thereby alleviating any concerns about unlawful presence resulting from denials based on Section 3 of DOMA – but have not yet been granted for a variety of reasons. The primary reason is that the vast majority of them involve associated I-485 applications which are more complex to adjudicate than matters involving an I-130 petition only, because an I-485 requires a full determination of the beneficiary's admissibility as an immigrant (in addition to the existence of a qualifying family relationship). More specifically, reasons why some reopened matters have not yet been adjudicated are: (1) several matters raise eligibility issues other than Section 3 of DOMA; (2) some matters require determination of what additional evidence may be needed, including collection and processing of biometrics (fingerprints) and/or interview; and (3) some cases require the physical transfer of files between DHS offices (typically from a USCIS service center that initially processes I-130 petitions to a field office with the capacity to conduct interviews and otherwise adjudicate I-485 applications).

USCIS is also making substantial progress in issuing Employment Authorization Documents ("EADs") to those applicants who have sought them. The critical document an applicant for adjustment of status needs to obtain to begin working lawfully in this country is the EAD. An EAD is a secure document that is the same size as a typical driver's license and contains the bearer's photograph, fingerprint card number, Alien number, birth date, and signature, along with a holographic film and the DHS seal. An EAD is issued after an I-765 application for employment authorization is granted. But a person who has adjusted status to

that of lawful permanent resident (which, as we have explained, includes many of the applicants at issue here) does not need a separate EAD.  Of the total 149 aliens referenced in this report, 95 can now lawfully work in this country (including 59 aliens to whom USCIS has granted lawful permanent resident status as a result of the reopening procedure, 4 aliens who adjusted by other means, and 32 aliens who have been granted employment authorization by USCIS).  Of the 55 aliens who lack employment authorization, 20 of these aliens never applied for employment authorization (and, thus, USCIS necessarily could not grant such authorization).

Finally, there were five other cases challenging Section 3 of DOMA in the immigration context pending in federal court at the time of the Supreme Court's decision in *Windsor*.  USCIS has reopened the I-130 petitions at issue in all of these cases, but has not yet adjudicated all of the associated adjustment applications.  Importantly, plaintiffs in four of the five cases have voluntarily dismissed their actions, including in circumstances where I-130 petitions and related I-485 applications have been reopened, but not yet adjudicated.  *See Fernandes, et al. v. Napolitano, et al.*, No. 4:13-cv-01203-PJH (N.D. Cal.) (order of dismissal dated August 2, 2013); *Plebani v. Napolitano, et al.*, No. 13-CV-10483-RGS (D. Mass.) (case terminated August 13, 2013); *Partridge, et al. v. Napolitano, et al.*, No. 4:12-cv-06373-SBA (N.D. Cal.) (notice of dismissal dated August 14, 2013); *Blesch, et al. v. Holder, et al.*, No. 1:12-cv-01578-CBA (E.D.N.Y.) (order of dismissal dated August 26, 2013).  The fifth case involved a petition for writ of habeas corpus that was dismissed by the district court because the petitioner was not in custody.  *See Umbarger v. U.S. Bureau of Immigration and Customs Enforcement, et al.*, No. 2:12-cv-15600-DPH (E.D. Mich.) (order of dismissal dated July 31, 2013).  Thus, other than this case, there are no other pending immigration lawsuits in federal court challenging Section 3 of DOMA.

USCIS advises that the above-information is accurate as of September 9, 2013.

DATED:  September 9, 2013           Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

AUGUST E. FLENTJE
Senior Counsel for Immigration

DAVID J. KLINE
Director, Office of Immigration Litigation

JEFFREY S. ROBINS
Assistant Director

*s/ Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4107
E-Mail:  Aaron.Goldsmith@usdoj.gov

TIMOTHY M. BELSAN
Trial Attorney

*Attorneys for Defendants*