STUART F. DELERY
Assistant Attorney General
AUGUST E. FLENTJE
Senior Counsel for Immigration
DAVID J. KLINE
Director, Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
AARON S. GOLDSMITH (VSB# 45405)
Senior Litigation Counsel
TIMOTHY M. BELSAN (KS# 24112)
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 532-4596
Facsimile:  (202) 305-7000
E-Mail:  timothy.m.belsan@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN ARANAS, et al., | ) | No. 8:12-cv-1137-CBM (AJWx) |
| | ) | |
| Plaintiffs, | ) | **DEFENDANTS' FOURTH SUPPLEMENTAL STATUS REPORT** |
| v. | ) | |
| | ) | |
| JANET NAPOLITANO, Secretary, Department of Homeland Security, et al., | ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

U.S. Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), submits this Fourth Supplemental Status Report updating the Court regarding its continued efforts to reopen and

adjudicate immigration petitions and applications that were denied solely based on Section 3 of the Defense of Marriage Act ("DOMA") in accordance with the procedures that it announced on July 26, 2013. *See* Dkt. 146-1.

USCIS states that it is aware of a total of 150 matters[1] involving denials of immigration petitions or applications based solely on Section 3 of DOMA (26 of which occurred before February 22, 2011, and the rest after).[2] Specifically, out of the 150 total matters:

(i)  140 matters have been reopened by USCIS;[3]

(ii) 4 matters involve aliens who have adjusted by other means, and thus whose earlier petitions/applications are moot;

---

[1] The number of total matters has increased from 149 to 150 because USCIS received notice of one additional matter through its electronic mailbox since Defendants' September 27, 2013 status report.

[2] The vast majority of these matters (136 of the 150) involve I-130 petitions for alien relatives filed by a U.S. citizen or an alien lawfully admitted for permanent residence ("LPR") (the petitioner) to classify an alien same-sex spouse (the beneficiary) as a family-based immigrant. Depending on the circumstances, an I-130 petition may either be filed by itself (typically, if the alien beneficiary is outside the United States and/or the petitioner is an LPR), or it may be filed concurrently as a package with the beneficiary's I-485 application to adjust status (typically, if the beneficiary is a spouse of a U.S. citizen who is present in the United States already). And, in turn, if an I-485 application is filed, it may be accompanied by a concurrently filed I-765 application for an employment authorization document (EAD) and I-131 application for advance parole. In other words, the 150 matters each involve between one and four separate (but related, if more than one) petitions or applications. Prior to the *Windsor* decision, when USCIS was still applying Section 3 of DOMA, USCIS denied I-130 petitions because the qualifying spousal relationship could not be established for purposes of federal law. Denial of the I-130 petition led to consequent denial of any associated I-485 application and other pending associated applications based on the spousal relationship claimed under the I-130 petition.

[3] When USCIS reopens the matter, it reopens the denied I-130 petition as well as the denied I-485 application (if any) and any other denied associated applications.

2

(iii) 3 matters have been withdrawn by the petitioner/applicant;

(iv) 2 matters involve petitioners/applicants who opted to file a new petition, thus USCIS refunded the fees associated with the prior denial; and

(v) 1 matter resulted in a final decision of the Board of Immigration Appeals adverse to the petitioner in 2010, which USCIS lacks the authority to reopen.[4]

Thus, there is no longer any prior DOMA denial of which USCIS is aware that is awaiting reopening by USCIS.

Of the 140 matters reopened by USCIS, it has granted 76 and denied 4 (for reasons unrelated to Section 3 of DOMA). The remaining 60 matters have been reopened – thereby alleviating any concerns about unlawful presence resulting from denials based on Section 3 of DOMA – but have not yet been granted for a variety of reasons. The primary reason is that the vast majority of them involve associated I-485 applications which are more complex to adjudicate than matters involving only an I-130 petition, because an I-485 requires a full determination of the beneficiary's admissibility as an immigrant (in addition to the existence of a qualifying family relationship). More specifically, reasons why some reopened matters have not yet been adjudicated are: (1) several matters raise eligibility issues other than Section 3 of DOMA; and (2) some matters are awaiting the submission and review of additional evidence, including collection and processing of biometrics (fingerprints) and/or interviews.

Of the 150 total aliens referenced in this report, 128 can now lawfully work in the United States. An additional 20 aliens have not sought employment

---

[4] USCIS is working with this petitioner to identify the most efficient and cost-effective way to obtain the substantive benefit, which appears to be filing a new petition with USCIS.

authorization from USCIS.[5]  Thus, 128 out of 130 impacted aliens can now work in this country, and USCIS is actively processing applications for employment authorization for the remaining 2, whose applications remain within normal processing time.[6]

A review of the individuals highlighted by Plaintiffs' in this action emphasizes Defendants' substantial efforts and progress:

- Jane DeLeon's employment authorization document ("EAD") was delivered to her address of record on September 16, 2013.  DeLeon's I-485 remains pending while USCIS awaits her response to a Request for Evidence, which is due by November 12, 2013.

- Holga Martinez was granted LPR status on August 28, 2013, and therefore can lawfully work in the United States.

- Alexander Bustos-Garcia's EAD was delivered to his address of record on September 30, 2013.  Bustos-Garcia's I-485 remains pending while USCIS reviews his October 21, 2013 response to a Request for Evidence.

- Samuel Conlon was granted LPR status on October 11, 2013, and therefore can lawfully work in the United States.

---

[5] Defendants correctly noted in their Second Supplemental Status Report, Dkt. 162 at 4, that 20 of the aliens had not applied for employment authorization.  That number was inadvertently changed to 16 in Defendants' Third Supplemental Status Report, Dkt. 168 at 3, due to a miscomputation.  USCIS confirms that the correct number was and still is "20."

[6] One individual applied for an EAD in connection with the Deferred Action for Childhood Arrivals ("DACA") program, rather than as an applicant for adjustment of status.  Issuance of a DACA-based EAD requires full adjudication of whether the individual's case should be deferred under the terms and conditions of the DACA program.  The second individual had an EAD document valid until September 9, 2013, and did not apply to renew it until September 12, 2013.


- Lui Handi has an EAD that is valid through November 5, 2013. USCIS received Handi's application for renewal of his EAD on September 4, 2013, and is in the process of adjudicating.

Accordingly, at this time, all of the aliens specifically identified in Plaintiffs' filings have either been granted LPR status, had their I-765 application for work authorization granted, or otherwise have a basis to work in the United States.

Finally, there were five other cases challenging Section 3 of DOMA in the immigration context pending in federal court at the time of the Supreme Court's decision in *Windsor*. USCIS has reopened the I-130 petitions at issue in all of these cases, but has not yet adjudicated all of the associated adjustment applications. Importantly, plaintiffs in four of the five cases have voluntarily dismissed their actions, including in circumstances where I-130 petitions and related I-485 applications have been reopened, but not yet adjudicated. *See Fernandes, et al. v. Napolitano, et al.*, No. 4:13-cv-01203-PJH (N.D. Cal.) (order of dismissal dated August 2, 2013); *Plebani v. Napolitano, et al.*, No. 13-CV-10483-RGS (D. Mass.) (case terminated August 13, 2013); *Partridge, et al. v. Napolitano, et al.*, No. 4:12-cv-06373-SBA (N.D. Cal.) (notice of dismissal dated August 14, 2013); *Blesch, et al. v. Holder, et al.*, No. 1:12-cv-01578-CBA (E.D.N.Y.) (order of dismissal dated August 26, 2013). The fifth case involved a petition for writ of habeas corpus that was dismissed by the district court because the petitioner was not in custody. *See Umbarger v. U.S. Bureau of Immigration and Customs Enforcement, et al.*, No. 2:12-cv-15600-DPH (E.D. Mich.) (order of dismissal dated July 31, 2013). Thus, other than this case, there are no other pending immigration lawsuits in federal court challenging Section 3 of DOMA.

USCIS advises that the above-information is accurate as of October 30, 2013.

| | | |
|---|---|---|
| 1 | DATED: November 1, 2013 | Respectfully submitted, |
| 2 | | STUART F. DELERY |
| | | Assistant Attorney General |

AUGUST E. FLENTJE
Senior Counsel for Immigration

DAVID J. KLINE
Director, Office of Immigration Litigation

JEFFREY S. ROBINS
Assistant Director

AARON S. GOLDSMITH
Senior Litigation Counsel

*s/ Timothy M. Belsan*
TIMOTHY M. BELSAN
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4596
E-Mail: timothy.m.belsan@usdoj.gov

*Attorneys for Defendants*

6