STUART F. DELERY
Assistant Attorney General
AUGUST E. FLENTJE
Senior Counsel for Immigration
DAVID J. KLINE
Director, Office of Immigration Litigation
JEFFREY S. ROBINS
Assistant Director
AARON S. GOLDSMITH (VSB# 45405)
Senior Litigation Counsel
TIMOTHY M. BELSAN (KS# 24112)
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4596
Facsimile: (202) 305-7000
E-Mail: timothy.m.belsan@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ARANAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JANET NAPOLITANO,[1] Secretary, Department of Homeland Security, et al.,<br>Defendants. | No. 8:12-cv-1137-CBM (AJWx)<br><br>**DEFENDANTS' FIFTH SUPPLEMENTAL STATUS REPORT** |

[1] Pursuant to Fed. R. Civ. P. 25(d), Jeh Johnson, the Secretary of Homeland Security, should be substituted for former-Secretary Janet Napolitano.

U.S. Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), submits this Fifth Supplemental Status Report updating the Court regarding its continued efforts to reopen and adjudicate immigration petitions and applications that were denied solely based on Section 3 of the Defense of Marriage Act ("DOMA") in accordance with the procedures that it announced on July 26, 2013. *See* Dkt. 146-1.

USCIS states that it is aware of a total of 151 matters[2] involving denials of immigration petitions or applications based solely on Section 3 of DOMA (26 of which occurred before February 22, 2011, and the rest after).[3] Specifically, out of the 151 total matters:

---

[2] The number of total matters has increased from 150 to 151 because USCIS received notice of one additional matter through its electronic mailbox since Defendants' November 1, 2013 status report.

[3] The vast majority of these matters (137 of the 151) involve I-130 petitions for alien relatives filed by a U.S. citizen or an alien lawfully admitted for permanent residence ("LPR") (the petitioner) to classify an alien same-sex spouse (the beneficiary) as a family-based immigrant. Depending on the circumstances, an I-130 petition may either be filed by itself (typically, if the alien beneficiary is outside the United States and/or the petitioner is an LPR), or it may be filed concurrently as a package with the beneficiary's I-485 application to adjust status (typically, if the beneficiary is a spouse of a U.S. citizen who is present in the United States already). And, in turn, if an I-485 application is filed, it may be accompanied by a concurrently filed I-765 application for an employment authorization document (EAD) and I-131 application for advance parole. In other words, the 151 matters each involve between one and four separate (but related, if more than one) petitions or applications. Prior to the *Windsor* decision, when USCIS was still applying Section 3 of DOMA, USCIS denied I-130 petitions because the qualifying spousal relationship could not be established for purposes of federal law. Denial of the I-130 petition led to consequent denial of any associated I-485 application and other pending associated applications based on the spousal relationship claimed under the I-130 petition.

(i) 141 matters have been reopened by USCIS;[4]

(ii) 4 matters involve aliens who have adjusted by other means, and thus whose earlier petitions/applications are moot;

(iii) 3 matters have been withdrawn by the petitioner/applicant;

(iv) 2 matters involve petitioners/applicants who opted to file a new petition, thus USCIS refunded the fees associated with the prior denial; and

(v) 1 matter resulted in a final decision of the Board of Immigration Appeals adverse to the petitioner in 2010, which USCIS lacks the authority to reopen.[5]

Thus, it remains true that there is no longer any prior DOMA denial of which USCIS is aware that is awaiting reopening by USCIS.

Since Defendants' November 1, 2013 status report, USCIS has completed adjudication of an additional 28 matters. To date, of the 141 matters reopened by USCIS, it has granted 104 and denied 5 (for reasons unrelated to Section 3 of DOMA). The remaining 32 matters have been reopened – thereby alleviating any concerns about unlawful presence resulting from denials based on Section 3 of DOMA – but have not yet been granted for a variety of reasons. The primary reason adjudication of those matters has not yet been completed is that the vast majority of them involve associated I-485 applications which are more complex to adjudicate than matters involving only an I-130 petition, because an I-485 requires a full determination of the beneficiary's admissibility as an immigrant (in addition

[4] When USCIS reopens the matter, it reopens the denied I-130 petition as well as the denied I-485 application (if any) and any other denied associated applications.

[5] USCIS is working with this petitioner to identify the most efficient and cost-effective way to obtain the substantive benefit, which appears to be filing a new petition with USCIS.

to the existence of a qualifying family relationship).[6] Nevertheless, Defendants' progress since November 1 further demonstrates their continuing commitment to adjudicate these applications in a timely manner.

Of the 151 total aliens referenced in this report, 129 can now lawfully work in the United States. An additional 20 aliens have not sought employment authorization from USCIS.[7] Thus, 129 out of 131 impacted aliens can now work in this country, and USCIS is actively processing applications for employment authorization for the remaining 2, whose applications remain within normal processing time.[8]

Substantial progress continues to be made with regard to the individuals highlighted by Plaintiffs' in this action. Most notably, class representative Jane DeLeon was granted LPR status on November 12, 2013, and her green card was delivered on November 21, 2013. Martin Aranas, Ms. DeLeon's son, was granted LPR status as her derivative on December 19, 2013. Lui Handi's application for employment authorization was approved and his EAD was delivered on November

---

[6] More specific reasons for the ongoing adjudication have been identified in Defendants' prior status reports. *See*, *e.g.*, Dkt. No. 169 at 3.

[7] This number remains unchanged since the November 1, 2013 status report. Although the additional matter identified since November 1 does not involve an application for employment authorization, one of the individuals who had not previously sought employment authorization has since done so, resulting in no net change.

[8] One individual applied for an EAD in connection with the Deferred Action for Childhood Arrivals ("DACA") program, rather than as an applicant for adjustment of status. Issuance of a DACA-based EAD requires full adjudication of whether the individual's case should be deferred under the terms and conditions of the DACA program. The second individual had an EAD document valid until September 9, 2013, but did not apply to renew it until September 12, 2013. USCIS issued an RFE to the applicant on November 25, 2013, and is awaiting a response.

8, 2013.[9] Accordingly, at this time, all of the aliens identified by Plaintiffs have either been granted LPR status or can otherwise lawfully work in the United States. *See* Dkt. No. 169 at 4-5 (identifying the status of each individual as of October 30, 2013).

Finally, there were five other cases challenging Section 3 of DOMA in the immigration context pending in federal court at the time of the Supreme Court's decision in *Windsor*. USCIS has reopened the I-130 petitions at issue in all of these cases, but has not yet adjudicated all of the associated adjustment applications. Importantly, plaintiffs in four of the five cases voluntarily dismissed their actions, including in circumstances where I-130 petitions and related I-485 applications have been reopened, but not yet adjudicated. *See Fernandes v. Napolitano*, No. 4:13-cv-01203-PJH (N.D. Cal.) (order of dismissal dated August 2, 2013); *Plebani v. Napolitano*, No. 13-CV-10483-RGS (D. Mass.) (case terminated August 13, 2013); *Partridge v. Napolitano*, No. 4:12-cv-06373-SBA (N.D. Cal.) (notice of dismissal dated August 14, 2013); *Blesch v. Holder*, No. 1:12-cv-01578-CBA (E.D.N.Y.) (order of dismissal dated August 26, 2013). The fifth case involved a petition for writ of habeas corpus that was dismissed by the district court because the petitioner was not in custody. *See Umbarger v. U.S. Bureau of Immigration & Customs Enforcement*, No. 2:12-cv-15600-DPH (E.D. Mich.) (order of dismissal dated July 31, 2013). Thus, other than this case, there are no other pending immigration lawsuits in federal court challenging Section 3 of DOMA.

---

[9] Additionally, USCIS approved Mr. Handi's I-130 petition on December 10, 2013. Although he has an I-485 application for adjustment of status pending before USCIS, USCIS lacks jurisdiction to act upon that application because Mr. Handi is currently in removal proceedings. Mr. Handi has the option, however, of seeking adjustment of status from the immigration judge in those proceedings.

USCIS advises that the above-information is accurate as of December 31, 2013.

DATED: January 3, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

AUGUST E. FLENTJE
Senior Counsel for Immigration

DAVID J. KLINE
Director, Office of Immigration Litigation

JEFFREY S. ROBINS
Assistant Director

AARON S. GOLDSMITH
Senior Litigation Counsel

*s/ Timothy M. Belsan*
TIMOTHY M. BELSAN
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4596
E-Mail: timothy.m.belsan@usdoj.gov

*Attorneys for Defendants*