UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin R. ARANAS, Irma RODRIGUEZ, and Jane DELEON;<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Janet NAPOLITANO, Secretary of the Department of Homeland Security; Alejandro MAYORKAS, Director, United States Citizenship & Immigration Services; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; and DEPARTMENT OF HOMELAND SECURITY;<br><br>　　　　　　　　Defendants. | SACV 12-1137 CBM (AJWx)<br>**ORDER REGARDING MOTIONS TO MODIFY STAY AND TO RECONSIDER THE MOTION FOR PRELIMINARY INJUNCTION AND ISSUE CLASS-WIDE PRELIMINARY INJUNCTION, MOTION TO INTERVENE, AND MOTION FOR SUMMARY JUDGMENT** |

　　The matters before the Court are (1) Motion to Modify Stay, Reconsider, and Issue Class-Wide Preliminary Injunctions; (2) Motion to Intervene; (3) Motion to Modify Stay and for Preliminary Injunction Re: Class members Alexander Bustos Garcia and Holga Martinez; and (4) Motion for Summary Judgment.  [Docket Nos. 132, 133, 134, 144.]

1

The Court grants the Motion to Modify the Stay. *See, e.g.*, *Boyle v. Cnty. of Kern*, No. 103-CV-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) (reasoning that the analogue to the power to stay proceedings is lifting a previously imposed stay).

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331. However, since the Supreme Court's decision in *United States v. Windsor* and the Defendant's actions, Defendants argue that the Court lacks subject matter jurisdiction due to a lack of case or controversy. *See* 133 S. Ct. 2675, 186 L. Ed. 2d 808, 118 F.E.P. Cases 1417 (2013).

"Article III requires that a live controversy persist throughout all stages of the litigation." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (citation omitted). "Where this condition is not met, the case has become moot, and its resolution is no longer within our constitutional purview." *Id.* at 1129. "[T]he central question before us is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief. *Id.* (citation and quotation omitted). "[A] case may become moot if '(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 854 (9th Cir. 1985) (quoting *Cnty. of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)). However, "there is a heavy burden of proof to demonstrate mootness." *Id*.

### A. Plaintiff's Requested Relief

*Aranas* Plaintiffs claim that they will not be provided the relief they seek because they suffer harm *pendente lite*. Plaintiffs request the following relief: (1) assume jurisdiction of this case; (2) certify a class of similarly situated same-sex married couples as proposed herein; (3) enter declaratory judgment that

Defendants' application of DOMA § 3 in this and similar cases, and Defendants' regulations, policies and practices applying DOMA § 3 against Plaintiffs and those similarly situated, are unlawful; (4) issue a temporary injunction enjoining Defendants from—a) removing or detaining Plaintiffs DeLeon and Aranas and those similarly situated; b) revoking or denying employment authorization to Plaintiffs DeLeon and Aranas and those similarly situated; and c) deeming Plaintiffs DeLeon and Aranas and those similarly situated inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(B)(i), where such persons would not have accrued more than six months in unlawful status but for DOMA § 3; (5) issue a permanent injunction enjoining Defendants from denying U.S. citizen petitioners and their immigrant spouses approvals of benefits under the Immigration and Nationality Act ("INA") solely because the lawfully married U.S. citizens and immigrant beneficiaries are of the same sex. (Complaint at pp. 29-30.)

Defendants argue that the relief sought by Plaintiffs regarding the constitutionality of DOMA has been determined by *Windsor*, which is binding precedent that renders moot Plaintiffs' arguments. (Opp'n to Motion for Summary Judgment at 6:3-9.) Defendants also argue that it is no longer denying immigration benefits solely because "lawfully married U.S. citizens and immigrant beneficiaries are of the same sex" and is in the process of reopening cases previously denied solely due to DOMA. (*Id*. at 6:3-20.)

**B. Relief Provided by Defendants after *Windsor***

In support of their argument that Defendants have already provided the relief requested, or are in the process of doing so, Defendants provide a document known as the Frequently Asked Questions on Same-Sex Marriages ("FAQ"). *See Same-Sex Marriages*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, http://www.uscis.gov/family/same-sex-marriages (last updated Sept. 26, 2013); *see also* Docket No. 149-1. U.S. Citizenship and Immigration Services (USCIS) issued the FAQ one week after the Supreme Court's *Windsor* decision and it

outlines USCIS' response to the decision, including procedures for the USCIS' handling of previously denied applications and petitions solely based on DOMA and future applications.

In the Motions before the Court, Plaintiffs express concern regarding whether Defendants have addressed, or are in the process of addressing, prior denials. The Court ordered that the action be stayed on April 24, 2013 and that the parties file quarterly status reports commencing on August 1, 2013. [*See* Docket Nos. 129, 130.] Six status reports have been filed. In the most recent status report, filed on February 3, 2014, the USCIS states that they are aware of 152 total matters involving denials of immigration petitions or applications based solely on Section 3 of DOMA, 26 of which were denied prior to February 22, 2011. [*See* Docket No. 173 ("Sixth Status Report").] The following table summarizes the status of each of these matters:

| Number of Matters | Status of Application or Petition |
|---|---|
| 139 | Reopened by USCIS[1] |
| • 113 of 139 | Petition/applications granted by USCIS |
| • 6 of 139 | Denied by USCIS for reasons unrelated to DOMA |
| • 20 of 139 | Reopened by USCIS but not yet acted upon (pending) |
| 4 | Involved aliens already adjusted by other means, rendering moot any earlier petitions/applications |
| 5 | Withdrawn by petitioner/applicant |
| 2 | Petitioners/applicants opted to file a new petition/application[2] |

---

[1] When USCIS reopens a previously denied I-130 petition, it also reopens the I-485 and any associated applications.

| Number of Matters | Status of Application or Petition |
|---|---|
| 1 | Resulted in a final decision of the Board of Immigration Appeals adverse to the petitioner in 2010, which USCIS lacks the authority to reopen |
| 1 | Not yet reopened because USCIS was notified of the matter on January 21, 2014.  USCIS has requested the file and will promptly reopen the petition upon its receipt. |
| **152** | **Total** |

*Id.*

Plaintiffs also request temporary injunctive relief to prevent Defendants from removing, revoking or denying employment authorization, and from deeming Plaintiffs and class members inadmissible.  In the status reports, Defendants provide an update on the employment authorization of class members identified by USCIS, including those individuals identified by Plaintiffs' counsel. The following table summarizes the work authorization status of applicants of which Defendant is aware.

| Number of Matters | Status of Work Authorization |
|---|---|
| 114 | Sought and potentially eligible for authorization to work |
| • 108 of 114 | Able to lawfully work, including those Plaintiffs and individuals specifically identified by Plaintiffs' counsel [*See* Doc. No. 171 at 4:10-5:4.] |
| • 6 of 114 | Actively processing employment authorization applications |
| 38 | Not eligible or did not seek employment authorization |

---

[2] USCIS states that it has refunded the fees associated with the prior denials.  [*See* Doc. No. 171 at 3:6-7.]

| Number of Matters | Status of Work Authorization |
|---|---|
| • 27 of 38 | Have not applied for initial or renewed work authorization |
| • 5 of 38 | Not eligible for Employment Authorization due to withdrawal of petition or application |
| • 6 of 38 | USCIS denied application due to reasons unrelated to DOMA |
| **152** | **Total** |

Plaintiffs also express concern regarding whether those with outstanding petitions or applications would accrue unlawful presence once a previously denied application is reopened. Defendants respond that in the Neufeld Memorandum,[3] if USCIS reopens a previously denied but properly filed I-485 application, the application is deemed pending from the date of its initial filing, and during its pendency, the alien does not accrue unlawful presence. [Doc. No. 166-1 at 33-34 of 51.] If the application is granted, then the alien is lawfully admitted for permanent residency and the unlawful presence bars do not apply. (*Id.*) If it is denied, then the accrual of unlawful presence, which has been tolled until the date of denial, begins the day after the denial. (*Id.*) Section (a)(3)(A) of the Memorandum does not distinguish between immigrants and non-immigrants, and therefore the Court concludes that it applies to any alien. (*Id.*)

Plaintiffs request additional limited discovery in their Supplement to Motion for Summary Judgment, possibly limited to a deposition of a "USCIS employee most familiar with the steps the agency has taken to identify class members, and the presentation of the results of such discovery to this Court." [Doc. No. 167 at 3:10-11.] This stems from Plaintiffs' concerns regarding the

---

[3] The Memorandum was issued on May 6, 2009 and provides guidance concerning "unlawful presence" for purposes of sections 8 U.S.C. § 1182(a)(9)(B)(i) and 1182(a)(9)(C)(i)(I). [Doc. No. 166-1.] These two sections address under what circumstances Aliens are considered unlawfully present for purposes of the Immigration and Nationality Act.

number of class members and whether USCIS has made an adequate effort to identify those class members. Plaintiffs estimate that there are 570 same-sex couples that may apply for lawful permanent residency status annually, based on statistical evidence extrapolated from the U.S. Census Bureau and the Office of Immigration Statistics. [Doc. No. 87 at 9:22-28.] At oral argument, Plaintiffs' counsel advised the Court that there are approximately 7,000 to 10,000 bi-national same-sex couples that have been denied immigration benefits solely due to DOMA. There is a large discrepancy between Plaintiffs' estimates and the number provided by USCIS.

In response, Defendants provide evidence from national advocacy organizations discouraging same-sex couples from applying for immigration benefits prior to the issuance of *Windsor*. This includes a March 31, 2011 publication by the American Immigration Lawyers Association ("AILA"),[4] the professional bar association for attorneys and law professors who specialize in immigration law, and a January 2013 notice from the Gay & Lesbian Advocates and Defenders.[5] [Docket Nos. 166-2, 166-3.] This evidence makes it less likely that same-sex bi-national couples applied for lawful permanent residency in the range of 570 per year, given that advocates provided guidance *not* to apply for those benefits in the years before *Windsor*. Additionally, to notify those who previously applied, Defendants have contacted over 18,000 stakeholders who subscribe to USCIS' email list serve[6] regarding the ability to reopen prior denials based solely on DOMA. [*See* Docket No. 166 at 3:27-28.]

---

[4] The notice advises bi-national same-sex couples not to apply for immigration benefits as their applications could be denied, could place an undocumented spouse under the "radar" of DHS and its enforcement arm, Immigration and Customs Enforcement ("ICE"), cause them to be placed in removal proceedings, could make it difficult for a spouse with a tourist or student visa to enter the United States in the future under the same status, and could jeopardize the ability of a fiancée to obtain a student or tourist visa since the likelihood is that a fiancée visa would be denied. [Doc. No. 166-2.]

[5] This notice provides the same advice as the AILA publication. [Doc. No. 166-3.]

[6] A list serve is an application that distributes messages on an electronic mailing list.

The Court finds that even if USCIS is not currently aware of all same-sex bi-national couples that applied and were denied immigration relief due solely to DOMA, this Court expects that USCIS would reopen a petitioner's application once it became aware of the denial. The Court therefore finds that Defendants' actions are adequate for purposes of this lawsuit, and denies Plaintiffs' request for additional discovery.

Plaintiffs also request that the USCIS adjudicate all applications for employment within thirty (30) days. Plaintiffs' concerns on this issue are already addressed as all named or identified Plaintiffs' papers are currently authorized to work. Plaintiffs' request is therefore denied due to mootness.

**C. Plaintiffs' Motions**

There are two motions requesting preliminary injunctions. [*See* Docket Nos. 132, 134.] Collectively, the Motions request injunctive relief restraining Defendants (1) from deeming class members' and proposed interveners' Plaintiffs Bustos Garcia's and/or Holga Martinez' presence in the United States authorized for purposes of accruing time towards the bars to admission pursuant to 8 U.S.C. § 1182(a)(9)(B), and (2) to vacate denials of employment authorizations issued to Plaintiffs, class members, and proposed interveners Plaintiffs Bustos Garcia and/or Holga Martinez and to grant them temporary work authorization.

Certain Plaintiffs also request to intervene on the basis that Plaintiff DeLeon does not adequately represent the class and that they present issues of irreparable injury qualitatively different than Plaintiff DeLeon. [Docket No. 133.]

Plaintiffs also move for summary judgment that on the basis of *Windsor*, Plaintiff and proposed interveners are entitled to judgment as a matter of law. [Docket No. 144.]

///

///

///

1   There is no "reasonable expectation" that USCIS will deny applications
2   solely on the basis of DOMA because of the decision in *Windsor*. Therefore,
3   "interim relief or events have completely . . . eradicated the effects of the alleged
4   violation." *Lindquist*, 776 F.2d at 854; *see also Gator.com Corp.*, 398 F.3d at
5   1129. The Court grants the Motion to Modify the Stay for purposes of
6   considering the arguments raised by the Parties. The Court lacks Article III
7   jurisdiction as there is no case or controversy and the Defendants have already
8   provided the requested relief. Therefore, the Court denies the reconsideration of
9   the preliminary injunction, the motion to intervene, and the motion for summary
10  judgment. The Court dismisses this lawsuit due to mootness.

**IT IS SO ORDERED**

DATED: February 12, 2014        By _____
                                     CONSUELO B. MARSHALL
                                     UNITED STATES DISTRICT JUDGE